UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORREN BOOHER,

    Plaintiff,

v.                                                          Case No: 8:14-cv-3158-T-36EAJ

TURTLE COVE MARINA
CONDOMINIUM ASSOCIATION, INC.
and TURTLE COVE GROUP, LLC,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon the Defendant Turtle Cove Marina Condominium Association, Inc.'s ("Condominium Association") Second Amended Motion for Summary Judgment (Doc. 11) and Turtle Cove Group, LLC's ("Turtle Cove Group") Amended Motion to Dismiss (Doc. 8).[1] Plaintiff Lorren Booher responded in opposition to both Motions (Docs. 17 and 16, respectively). The Court, having considered the Motions and being fully advised in the premises, will now DENY Condominium Association's Motion and GRANT-IN-PART and DENY-IN-PART Turtle Cove Group's Motion.

## STATEMENT OF FACTS

This dispute arises out of the termination of Booher's employment by Defendants. The Amended Complaint alleges as follows: Between June 14 and June 21 of 2013, Booher was employed with Defendants as a Special Events and Marketing Coordinator. Doc. 2 ("Am. Compl.") ¶ 14. During the interview process, on her third interview, Booher informed Defendants

---

[1] Condominium Association and Turtle Cove Group are collectively referred to herein as "Defendants."

that she was pregnant and that she would be willing to work up until her delivery. *Id.* ¶ 15. Lisa Spaeth, the "co-owner" of the business,[2] offered the job to Booher on or about June 13, 2013. *Id.*[3] Approximately one week later, Spaeth called Booher into the office and told her, "With you going out on leave when you have the baby, I wouldn't be able to be here as much as I had planned while you would be on leave, so I am going to have to let you go." *Id.* ¶ 16. Spaeth then added, "Bad timing for you, bad timing for us." *Id.* Spaeth also said, "I'd hate to see you eight months pregnant on the sea wall trying to tie up a boat." *Id.* ¶ 17. Booher was thereafter terminated from her employment with Defendants. *Id.* ¶ 18.

Booher asserts two Counts in her Amended Complaint. Specifically, Booher alleges that Defendants unlawfully discriminated against her on account of her pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 *et seq.* ("Title VII")[4] (Count I), as well as the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA") (Count II). As to both counts, Condominium Association now moves for summary judgment, and Turtle Cove Group moves to dismiss.

---

[2] The allegations do not specify whether Spaeth co-owns Condominium Association, Turtle Cove Group, or both.

[3] This specific paragraph alleges that Booher was offered the job on or about June 13, *2014*, but in light of the other allegations of the Amended Complaint, the Court assumes, for the purposes of this Order, that this was a typographical error and that Booher's employment began and ended in June of *2013*.

[4] Plaintiff alleges that Count I arises under both Title VII and the Pregnancy Discrimination Act. Am. Compl. ¶ 21. The Pregnancy Discrimination Act, however, simply amended Title VII to include pregnancy as a protected class. *See* 42 U.S.C. § 2000e(k) ("The terms 'because of sex' or 'on the basis of sex' include . . . because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work . . . ."). The Court, therefore, will refer to Count I simply as the Title VII claim.

## CONDOMINIUM ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT

**I. Standard of Review**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga.*, 198 Fed. App'x 852, 858 (11th Cir. 2006).

**II. Discussion**

Condominium Association argues it is entitled to summary judgment because, according to it, there is no genuine issue of material fact that Booher was ever employed by Condominium

3

Association. Condominium Association bases its Motion on its responses to Booher's First Set of Interrogatories, which deny that Condominium Association has ever "employed any persons, including the Plaintiff," Doc. 1-2 at 50 ¶ 2; and its blanket responses to Booher's First Request for Production, which deny the existence of any documents relating to Booher's employment by Condominium Association, *see* Doc. 1-2 at 37 ¶¶ 1-8.

Condominium Association's argument is unavailing, however, because summary judgment is inappropriate at this stage in the litigation. Notably, discovery in this case is currently ongoing, with a discovery deadline of November 6, 2015. Doc. 22 at 2. Although Condominium Association acts as if its discovery responses are the only possible evidence Booher could muster in support of her claims against it, at this stage, these responses can only be characterized as self-serving statements regarding Condominium Association's own theory of the case. Indeed, Booher has not yet had a full and fair opportunity to challenge Condominium Association's assertions, such as by deposing Condominium Association's corporate witness.

While discovery may ultimately exonerate Condominium Association of liability, at this time and standing alone, Condominium Association's conclusory, self-serving statements are insufficient for the Court to find in favor of Condominium Association as a matter of law. The Court, therefore, will deny Condominium Association's Motion for Summary Judgment, without prejudice, for Condominium Association to bring such a motion after the parties have had an opportunity to develop an adequate record. *See Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990), (summary judgment is appropriate only after the parties "have [had] an adequate opportunity for discovery"); *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988) (a court may grant summary judgment only upon an "adequate record.").

## TURTLE COVE GROUP'S MOTION TO DISMISS

**I.   Standard of Review**

To survive a motion to dismiss, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss, a court accepts all facts alleged in the Complaint as true, and construe them in the light most favorable to the non-moving party. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321-23 (11th Cir. 2012). However, labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Iqbal*, 556 U.S. at 677-78 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, a court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Furthermore, mere naked assertions are not sufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

**II.   Discussion**

Turtle Cove Group argues that, as to it, the Amended Complaint should be dismissed for two reasons: *first*, because the Amended Complaint fails to state a *prima facie* case for pregnancy discrimination under Title VII or the FCRA; and *second*, because the Amended Complaint fails to establish that Turtle Cove Group is an "employer" as defined by Title VII or the FCRA.

Turtle Cove Group's first argument is unpersuasive. "The methods of presenting a prima facie case [of discrimination] are not fixed; they are flexible and depend to a large degree upon the

5

employment situation." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). A plaintiff may establish a discrimination claim by presenting either direct evidence of discrimination or circumstantial evidence that would allow the Court to infer discrimination. *See id.* at 1085. Direct evidence is "evidence, that, if believed, proves the existence of a fact without inference or presumption." *Id.* at 1086 (quotation marks, citation, and alterations omitted). The allegation that Spaeth told Booher that she "[had]to let [Booher] go" on account of "[Booher] going out on leave when [she] [has] the baby," Am. Compl. ¶ 16, can be interpreted as direct evidence of unlawful pregnancy discrimination. Accordingly, the Court will not grant Turtle Cove Group's Motion to Dismiss on this basis.

With regard to Turtle Cove Group's second argument, the Court begins by recognizing that, although Title VII and the FCRA apply only to an "employer," *see* 42 U.S.C. § 2000e-2(a) (prohibiting certain practices by an "employer"); Fla. Stat. § 760.10(1) (same),[5] Booher has failed to specifically allege that Turtle Cove Group is an "employer" under either Title VII or the FCRA.

Nevertheless, Booher has adequately alleged that Turtle Cove Group is an "employer" for purposes of her Title VII claim. That is because the Amended Complaint alleges that "Plaintiff *was employed* with Defendants," Am. Compl. ¶ 14 (emphasis added), and Title VII defines an "employee" as "an individual employed by an employer," 42 U.S.C. § 2000e(f). In other words, because Booher has alleged that she was an "employee," and "employee" is defined in reference to "employer" under Title VII, the Court can infer that Booher has pleaded (albeit by implication)

---

[5] Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). The FCRA similarly defines an "employer" as "any person employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person." Fla. Stat. § 760.02(7).

that Turtle Cove Group is an "employer" under Title VII. *Accord Bialek v. Delvista Towers Condo. Ass'n, Inc.*, 994 F. Supp. 2d 1277, 1280 (S.D. Fla. 2014) (plaintiff failed to allege that the defendant employed the amount of employees necessary to qualify as an "employer" under Title VII, the defendant's motion to dismiss the plaintiff's Title VII claim was denied because the plaintiff alleged that she was an "employee").

Booher's similarly inartfully pleaded FCRA claim, however, cannot be saved by the same inference. That is because although the FCRA was "modeled after Title VII of the Civil Rights Act of 1964," *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000), it does not specifically define the term "employee" (whether in reference to "employer" or not), or otherwise guide the Court in defining the term. In other words, under the FCRA, there is no logical link between "employer" and "employee," so Booher's allegation that she was an "employee" fails to imply the existence of an "employer" for purposes of the FCRA. Count II, accordingly, must be dismissed for failing to state a claim. *Accord Bialek*, 994 F. Supp. 2d at 1280 (dismissing the plaintiff's FCRA claim for failing to allege that the defendant employed the amount of employees necessary to qualify as an employer under the FRCA, because even though the plaintiff alleged that she was an "employee," under the FCRA, there is "no connection" between the terms "employee" and "employer").

### III. CONCLUSION

For the reasons stated above, it is hereby **ORDERED**:

1. Defendant Turtle Cove Marina Condominium Association, Inc.'s Second Amended Motion for Summary Judgment (Doc. 11) is **DENIED**, without prejudice.

2. Defendant Turtle Cove Group, LLC's Amended Motion to Dismiss (Doc. 8) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

7

3. Count II of the Amended Complaint is **DISMISSED, without prejudice**; and

4. The Motion to Dismiss is otherwise **DENIED**.

5. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file a Second Amended Complaint that addresses the deficiencies noted herein.

**DONE AND ORDERED** in Tampa, Florida on August 11, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

8